UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE ARNOLD MONTIEL,

        Plaintiff,

v.

JOSHUA GRIFFITH et al.,

        Defendants.
_____/

Case No. 1:24-cv-885

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has vacated the order and judgment (ECF Nos. 9 and 10) entered on October 10, 2024, and has accepted Plaintiff's amended complaint (ECF No. 11) as timely filed under the prison mailbox rule. The Court has also granted Plaintiff leave to proceed *in forma pauperis*.

Under Federal Rule of Civil Procedure 12(h)(3), the Court is under a continuing obligation to review and dismiss any action for which it lacks subject matter jurisdiction. Upon examination of Plaintiff's amended complaint, the Court finds that it lacks jurisdiction over this action and will dismiss Plaintiff's amended complaint without prejudice. The Court will further dismiss Plaintiff's motion to amend judgment (ECF No. 12) as moot.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The events about which he complains, however, occurred at the Van Buren County Jail in Van Buren

County, Michigan. Plaintiff sues Van Buren County and the following Van Buren County officials and employees: Sergeant Unknown Griffith, Sheriff Daniel E. Abbott, Undersheriff Kevin Conklin, Deputy Unknown Jorriy, Sergeant Unknown Derool, Deputy Unknown Spears, Deputy Unknown Quinn, Deputy Unknown Holmes, Deputy Unknown Boven, Nurse Unknown Roselynn, and Mayor Unknown Party. Plaintiff also sues Michigan Governor Gretchen Whitmer.

Plaintiff's amended complaint is barely legible. (*See* Am. Compl., ECF No. 11, *generally*.) Plaintiff alleges that, on September 14, 2022, Plaintiff's mentally ill cellmate urinated on the walls, shower, and walkway, and urinated and defecated in the cell. (*Id.*, PageID.36.) The mentally ill inmate had requested but was not provided medical attention. (*Id.*, PageID.36–37.) As a result of the smell, Plaintiff asked Defendant Quinn to move him to segregation. (*Id.*, PageID.37.) Defendant Griffith then told Defendant Quinn to pepper spray Plaintiff. (*Id.*) On the order of Defendant Griffith, Defendant Quinn pepper sprayed Plaintiff two times. (*Id.*) When Plaintiff again asked to be moved, Defendant Griffith took the pepper spray from Defendant Quinn and sprayed Plaintiff again. (*Id.*)

Plaintiff alleges that, since the September 2022 incident, he was unable to prepare adequately for trial, did not receive requested medical attention, grievances would come up missing, video visits would malfunction, and Plaintiff was fed with a tray with a smiley face on it that had small holes in it that looked as if the tray had been burned. (*Id.*, PageID.38.) Plaintiff also alleges that, for 5–6 months, Plaintiff was housed in a cell with no mattress or sheets, with lights on "24/7," bugs dropping from the ceiling, and "sewage water" leaking from the drop ceiling. (*Id.*) Plaintiff also appears to allege that he had no access to hygiene products and was fed food with hairs in it, and that Defendants Derool, Spears, and Boven would not provide Plaintiff with a meal on one or more occasions. (*Id.*) Plaintiff asked for Defendant Hunt and "they'd say he'll come up

2

when he can." (*Id.*) Plaintiff alleges that he filed grievances related to these issues. (*Id.*, PageID.36–39.)

As a result of the events described in Plaintiff's amended complaint, Plaintiff seeks "to go through the proper proceedings of a civil complaint and investigate" (*id.*, PageID.41) and have criminal charges filed against Defendants (*id.*, PageID.39–40).

## II.    Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Here, Plaintiff requests only that the Court go through the proper proceedings of a civil complaint and investigate" (*id.*, PageID.41) and have criminal charges may be filed against Defendants (*id.*, PageID.39–40). However, this Court lacks the authority to compel state or federal officials to bring criminal charges. *See Wortman v. Board of Parole*, No. 20-5718, 2021 WL 9528123, at *2 (6th Cir. Sept. 23, 2021) (affirming district court's dismissal of a state prisoner's complaint requesting that the court compel a criminal investigation or prosecution of private citizens). Plaintiff does not have standing to file a criminal complaint because a private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (collecting cases). Accordingly, the Court will dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction.[1]

---

[1] Moreover, even if Plaintiff's amended complaint could be construed to request injunctive relief outside of Plaintiff's request for criminal charges against Defendants, his claims would be moot. The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990

### III.    Motion to Amend Judgment

On December 11, 2024, Plaintiff filed a motion to amend the Court's judgment, explaining that his amended complaint was put in the mail before the Court's deadline. (ECF No. 12, PageID.50.) However, this Court has acknowledged that, under the mailbox rule applicable to *pro se* prisoners, Plaintiff's amended complaint was timely filed and has *sua sponte* vacated its October 10, 2024, order and judgment. Accordingly, the Court will dismiss Plaintiff's motion to amend the Court's judgment as moot.

### Conclusion

The Court has reviewed Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(h)(3) and finds that the Court lacks subject matter jurisdiction over this action. Accordingly, the Court will dismiss Plaintiff's amended complaint without prejudice. The Court will also dismiss Plaintiff's motion to amend the Court's judgment (ECF No. 12) as moot.

An order and judgment consistent with this opinion will be entered.

Dated:   March 4, 2025                                     /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge

---

WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Plaintiff is no longer confined to the Van Buren County Jail, where he avers that the individual Defendants work and where the events are alleged to have occurred. Accordingly, and in the alternative, Plaintiff's request for injunctive relief is moot.